McFADDEN, Presiding Judge,
dissenting.
I respectfully dissent. I join fully in Judge Ray’s dissent and expressly associate myself with his reaffirmation of the importance of diverse juries. I write separately to identify what I see as the flaw in the majority’s analysis.
*204 The majority errs in equating a characteristic “specific to” a group with a stereotype about that group. The Oxford University Press dictionary defines “stereotype” in this sense to mean “a preconceived and over-simplified idea of the characteristics which typify a person or thing.” So if an individual prospective juror has a trait about which a party has a genuine non-discriminatory concern, a concern not founded on a stereotype, then a strike is not discriminatory — even if the characteristic is “specific to,” or even part of a stereotype about, a class of which the prospective juror is a member.
For example, assume a hypothetical protected class whose members are stereotyped as belligerent drunkards. Striking a prospective juror for being a member of that class would be discriminatory; but striking a prospective juror for being a belligerent drunkard would not — whether or not the prospective juror is a member of that class.
In the case before us today, the trial court was authorized to find, as the prosecution argued, that gold teeth — like nose rings, eyebrow rings, and bright blue hair — are a statement of iconoclasm. Conversely, I agree that she would have been authorized to find, as the defense argued, that gold teeth are “commonly associated” with “the black community” See Rector v. State, 213 Ga. App. 450, 454 (2) (444 SE2d 862) (1994) (finding no abuse of discretion in trial court’s refusal to accept prosecutor’s explanation that striking a juror with a gold tooth, “in and of itself,” was a racially neutral reason). And I assume, as the majority holds, that she was required to find that they are “specific to” that community.
So the trial court was authorized to find — and did find — that, in striking a prospective juror because of his gold teeth, the prosecutor was trying to avoid seating iconoclasts, a race-neutral reason unexceptionable under Batson . She would also have been authorized to find that the prosecutor had a discriminatory motive prohibited by Batson . And she would have been authorized to find both motivations mixed together, which, as the majority explains, would also have been a violation of Batson, as it has been construed in Georgia.
Each of those findings would have been sustainable. We remanded so that the trial court could make that determination. She has done so. She accepted the prosecution’s race-neutral explanation, rejected the defense’s claim of a discriminatory intent, and so upheld the strike. And contrary to the majority, she made clear her understanding that in Georgia a mixed motive is a discriminatory motive.
I would affirm.